**In the Matter of PENN CENTRAL TRANSPORTATION CO., Debtor.**

**In re BUDD CO.**

**v.**

**LEASE FINANCING CORP.**

**v.**

**PENN CENTRAL TRANSPORTATION CO., Debtor.**

**No. 70-347.**

United States District Court,
E. D. Pennsylvania.

April 7, 1972.

**844**

Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Budd Co.

William J. Taylor, Morgan, Lewis & Bockius, Philadelphia, Pa., for Lease Financing.

Marvin Comisky, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for respondent.

## OPINION AND ORDER NO. 641

FULLAM, District Judge.

The Budd Company ("Budd") brought suit in the Court of Common Pleas of Montgomery County, Pennsylvania (C. A., Law, # 70–08104) against Lease Financing Corporation ("LFC") to recover sums allegedly due on the purchase of certain Metroliner cars manufactured by Budd, sold to LFC under a financing agreement pursuant to which the cars are leased to the Debtor. LFC seeks to join the Debtor in that action, on the basis of an indemnity agreement. Substantial counterclaims apparently have been or may be asserted against Budd on the basis of alleged breaches of the construction contract.

Both Budd and LFC have filed proofs of claim in these reorganization proceedings, raising the same issues as are involved in the Montgomery County action.

LFC petitioned this Court for permission to join the Debtor in the state court suit, notwithstanding the restraints of Order No. 1 (para. 9) herein. The Trustees opposed the motion, and sought a stay of the entire state court litigation, on the theory that the issues should be resolved in the reorganization proceedings. Budd takes the position that this Court lacks jurisdiction to enjoin it from proceeding against LFC; the Trustees assert that there is such jurisdiction because of the Debtor's indemnity agreement with LFC.

A hearing was held on February 14, 1972, at which extensive oral argument was presented. However, the parties thereafter informally advised that settlement negotiations appeared to be bearing fruit, and that a ruling on the joinder and stay applications could be deferred.

The matter has now been reactivated by the Trustees, who assert that LFC has begun proceedings for the joinder of the Trustees in the Montgomery County action, and that pretrial proceedings in the state court are in the offing. After further conference with counsel, I have concluded:

1. That all parties fully expect that the settlement of the entire litigation will occur and be consummated within a reasonable time.

2. That, without prejudice to the ultimate determination as to whether this Court has jurisdiction to enjoin Budd's suit against LFC, this Court at least has jurisdiction to consider the question, and to prevent for a reasonable time any further steps which might prejudice the exercise of such jurisdiction, if found to exist.

3. That this Court clearly has jurisdiction over the matters set forth in or arising from the proofs of claim filed herein.

4. That the Debtor's estate and the reorganization efforts of the Trustees

should not be burdened by unnecessary legal steps in connection with litigation which in all likelihood has already been rendered pointless.

5. That no adverse consequences will flow to any of the parties if the Montgomery County action is stayed for a reasonable time, so that this Court can consider and, if necessary, decide, the jurisdictional questions raised by the pending applications.